**UNITED STATES of America, Plaintiff,**

v.

**Robert G. MARIS, Alan D. Smith Defendants.**

**Criminal No. 97–2050M.**

United States District Court, D. Oregon.

Nov. 14, 1997.

866

William E. Fitzgerald, U.S. Atty.'s Office, Eugene, OR, for Plaintiff.

Daniel J. Stotter, Bahr & Stotter Law Offices, Eugene, OR, for Defendants.

### ORDER

COFFIN, United States Magistrate Judge.

The United States of America brings this action charging that defendants violated 36 C.F.R. § 261.15 in failing to pay user fees upon entering, through South Jetty Road, the Oregon Dunes National Recreation Area of the Siuslaw National Forest. Presently before the court is defendants' motion (# 5) to dismiss.

Defendants maintain that they were simply driving on the South Jetty Road enroute to accessing coastal public lands and that they did not stop to utilize any Forest Service facilities or property. Indeed, the government stipulates that there is no evidence that defendants used Siuslaw National Forest Facilities other than South Jetty Road. *See* Stipulation (# 10) at ¶ 4. As such, defendants contend that the Forest Service is barred from imposing the fee in question as it represents a toll for using roads. Defendants also contend that the Forest Service is barred from charging fees to utilize South Jetty Road because it is a public right-of-way pursuant to R.S. 2477 (43 U.S.C. § 932). The Government takes issue with defendants'

contentions, and asserts that the fee is authorized under the Recreational Fee Demonstration Program.

The issue in this case boils down to one of statutory construction.

Did Congress intend, when it enacted the "Recreational Fee Demonstration Program" law on April 26, 1996, to authorize the Forest Service to collect tolls from those who simply traverse government-owned lands on public highways?

The particular language under scrutiny here is the following:

> In carrying out the pilot program established pursuant to this section, the appropriate Secretary shall select from areas under the jurisdiction of each of the four agencies referred to in subsection (a) no fewer than 10, but as many as 100, areas, sites or projects for fee demonstration. For such demonstration, the Secretary, *notwithstanding any other provision of law—*
>
> (1) shall charge and collect fees *for admission to the area* or for the use of outdoor recreation sites, facilities, visitor centers, equipment, and services by individuals and groups, or any combination thereof.

Pub.L. 104–134, accompanying 16 U.S.C. 460*l*–6a (emphasis added).

Because the South Jetty Road is within the Siuslaw National Forest and thus "admits" users "to the area," the government interprets the statute as expressly authorizing the fee at issue in this case, even if defendants simply drove through the area to access a part of the beach that was outside the Siuslaw National Forest.

This interpretation, if correct, would mean that the Forest Service is likewise authorized to collect tolls from all motorists on public highways which cut through the Siuslaw Forest, even if the motorists do not stop, recreate in, or otherwise use the forest lands. Thus, motorists using major arteries such as Highways 101, 126, and 36 would be subject to potential toll fees under the government's view of the scope of the statutory authorization.

The problem with such an interpretation of the Fee Demonstration Program law is that it clashes with other legislation by Congress which specifically prohibits such tolls, as well as the overriding context and clear purpose of this particular law. *See, e.g., Deal v. United States,* 508 U.S. 129 130, 113 S.Ct. 1993, 1996, 124 L.Ed.2d 44 (1993) (It is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.")

Taking the latter issue first: the law is actually entitled *"Recreational* Fee Demonstration Program" (emphasis added). The first paragraph of the statute reads:

> (a) The Secretary of the Interior (acting through the Bureau of Land Management, the National Park Service and the United States Fish and Wildlife Service) and the Secretary of Agriculture (acting through the Forest Service) shall each implement a fee program to demonstrate the feasibility of *user-generated* cost recovery for the operation and maintenance of recreation areas or sites and habitat enhancement projects on Federal lands.

Pub.L. 104–134 (emphasis added).

Following this language, the Act goes on to authorize the collection of fees for admission to or use of outdoor recreation sites, etc.

In context, then, it seems clear that Congress was authorizing a user "fee program to demonstrate the feasibility of user-generated cost recover . . . ." Obviously, "admission to" an area is a prerequisite to "using" the area. Thus an admission fee makes sense as a form of user fee. The adverb "or" in the phrase "fees for admission to the area *or* for the use of . . ." connects similar, not dissimilar, concepts. *See, e.g., De Sylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956) (the word "or" is often used in a statute as a careless substitute for the word "and").

The key question is whether the sole act of driving through an area is itself a use of the area for which Congress intended the Forest Service to exact a fee. Given the considerable expanse of federal forest land (especially in the western United States) potentially subject to the demonstration program, necessity of travelers to intersect those forest lands to reach non-forest destinations, the volume of traffic through such forest lands, and the historical absence of toll fees being previously exacted for the use of such public roads, it would be most strange for Congress to have chosen such subtle language to authorize toll fees.

The proposition that Congress did not intend to authorize such toll fees is further supported by the legislative history of the Recreational Fee Demonstration Program. In Senate Report 104–125, we find the following:

### RECREATIONAL FEE DEMONSTRATION PROGRAM

The Committee agrees with the direction initiated by the House to establish a recreational fee demonstration. The goal of this program is to foster innovation and creativity among the land management agencies with the hope that cost-effective methods will be developed *for collecting recreation user fees.* (emphasis added). These fees will be returned to the agencies to improve the quality of visitor experience at public recreational areas, enhance the protection of natural resources, and offset fee collection costs. This program provides the mechanism to fund adequately resource protection and operation and maintenance costs by allowing those individuals who use and benefit from recreational areas to share in the costs.

In addition, there exists specific prior legislation pursuant to which Congress has expressly prohibited such a toll as the Forest Service purports to exact here. It has been stipulated that the South Jetty Road is a public right-of-way pursuant to R.S. 2477 (codified as 43 U.S.C. § 932), a statute which remains in effect for those right-of-ways existing prior to October 21, 1976, pursuant to the savings clause of 43 U.S.C. 1769(a)–1770. To explain, 43 U.S.C. § 932 provided as follows:

> The right of way for the construction of highways over public land, not reserved for public use is hereby granted.

The statute was repealed in 1976, but an exception to the repeal was carved out for pre-existing right-of-ways (such as South Jetty Road, Highway 101, Highway 126, etc.). The exception thus means that a fee cannot be charged for use of the right-of-way, unless, of course, Congress intended to eliminate that exception through the Act in question in this case.

Beyond the right-of-way issue, pre-existent legislation also specifically prohibited the Forest Service from charging a fee solely for the use of roads. 16 U.S.C. § 460*l*–6a(b).

■ Although certainly Congress has the ability to repeal the above provisions, it is "a cardinal principle of statutory construction that repeals by implication are not favored." *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 168, 96 S.Ct. 1319, 1323, 47 L.Ed.2d 653 (1976).

Although the government argues that the "notwithstanding any other provision of law" phrase in the instant Act accomplishes the repeal of the earlier legislation at issue, I cannot agree. As set forth above, the context of the Recreational Fee Demonstration Program Act is such that it is manifest that Congress was authorizing a recreational user fee program, not a toll fee system. Other courts have rejected the proposition that merely driving through a park is a recreational use of the park subject to the exaction of a fee. *See Wilkenson v. Department of Interior,* 634 F.Supp. 1265 (D.Colo.1986). Viewed in this context, the right-of-way statute and the provision barring the collection of fees for the mere use of a road are not in disharmony with the Recreational Fee Demonstration Program, and the "notwithstanding any other provision of law" language is of no avail to the government. *See, e.g., Watt v. Alaska,* 451 U.S. 259, 266–67, 101 S.Ct. 1673, 1677–78, 68 L.Ed.2d 80 (1981) (general rules are that possibly conflicting statutes must be read to give effect to each if it can be done while preserving their sense and purpose and that repeals by implication are not favored).

## *CONCLUSION*

I find that toll fees for the mere use of roads for traveling through a portion of the Siuslaw National Forest are not authorized by the Recreational Fee Demonstration Program Act. As the defendants in this case did not engage in a recreational use of any Forest Service facilities or property, they were not subject to the fee in question. The defendants motion (# 5) to dismiss is granted.