**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph A. LUNEY, Defendant–
Appellant.**

**No. 01–1399.**

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 7, 2001.

Decided Aug. 16, 2001.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Joseph Luney pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and using, carrying, and brandishing a firearm during and in relation to that robbery, 18 U.S.C. § 924(c)(1). He was sentenced to 41 months' imprisonment on the bank robbery count and a consecutive term of 25 years' imprisonment on the firearm count, the mandatory minimum under § 924(c)(1)(C)(i) for a defendant with a prior § 924(c)(1) conviction. Luney maintains on appeal that the district court erred in sentencing him to the statutory

minimum under § 924(c)(1)(C)(i) and in refusing to depart below that minimum. We affirm.

Luney and two codefendants, Miguel Rodriguez and Shirlene Wayne, robbed a bank in Tell City, Indiana, in July 1999. Luney robbed another bank in Kentucky in December 1999 and was apprehended while attempting to flee the bank. Luney was charged first with the Kentucky robbery in the Eastern District of Kentucky and in February 2000 pleaded guilty to armed bank robbery and using a semi-automatic assault weapon during and in relation to that robbery. He was sentenced in May 2000 to 33 months' imprisonment on the armed robbery count and a consecutive term of 10 years' imprisonment on the § 924(c)(1) count.

Before sentencing in the Kentucky case, Luney was charged in the Southern District of Indiana in March 2000 with armed bank robbery and using, carrying, and brandishing a firearm during and in relation to that robbery. Luney pleaded guilty to both counts in February 2001. Over Luney's objection the district court imposed a 25–year prison term on the § 924(c)(1) count because of Luney's prior § 924(c)(1) conviction in Kentucky. The court imposed the term to run consecutively to the prison terms imposed in the Kentucky case.

Luney first argues on appeal that the district court erred in sentencing him to the 25–year mandatory minimum under § 924(c)(1)(C)(i). This argument is frivolous. Under § 924(c)(1)(C)(i), a mandatory minimum 25–year prison term "shall be imposed" in "the case of a second or subsequent conviction" under § 924(c)(1). In *Deal v. United States*, 508 U.S. 129, 135, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the Supreme Court read this "second or subsequent conviction" language literally and held that all that is required is "a *conviction* after the first conviction." *See also*

*United States v. Bennett*, 908 F.2d 189, 194 (7th Cir.1990). And here Luney's current § 924(c)(1) conviction was "second or subsequent" to his Kentucky § 924(c)(1) conviction, even though the Indiana robbery was committed first in time.

Luney next argues that the district court should have departed downward from the mandatory minimum. This argument is flawed in that it is predicated on the erroneous assumption that the district court had the authority to depart from the statutory minimum–it did not. Unless the government moves for a departure based on substantial assistance under 18 U.S.C. § 3553(e), a sentencing court is prohibited from imposing a sentence below the mandatory minimum. *United States v. McMutuary*, 217 F.3d 477, 486 (7th Cir.2000). Because the government did not file a substantial assistance motion here, the district court properly refused to depart.

AFFIRMED.