**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerald RIDER, Defendant—Appellant.**

No. 06–30156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Oct. 17, 2007.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM *

In March 2002, Gerald Rider ("Rider") was indicted on one count of aggravated sexual abuse of a minor and one count of abusive sexual conduct, pursuant to 18 U.S.C. §§ 1153, 2241(c) and 2244(a)(1), based on his alleged misconduct towards two young girls while providing daycare to them in and around 2001 on the Fort Belknap Indian Reservation. Rider pleaded guilty to the aggravated sexual abuse

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

count, and in October 2002 he was sentenced to 168 months imprisonment.

■ On May 9, 2005, Rider was indicted on six counts of aggravated sexual abuse of a minor, pursuant to 18 U.S.C. §§ 1153 and 2241(c), based on his alleged abuse of six other young girls in 2001. Rider pleaded guilty to all six counts, and on February 9, 2006, he was sentenced to 235 months imprisonment to be followed by a life term of supervised release. The district court ordered the prison sentence to run consecutively to Rider's prior prison sentence of 168 months imprisonment, resulting in a combined prison term of 403 months. Rider appeals his 2006 sentence, contending that its consecutive nature renders the sentence unreasonable. We disagree with Rider's contention.

First, we note that the district court had authority to impose a consecutive sentence under 18 U.S.C. § 3584(a), which provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]" 18 U.S.C.A. § 3584(a) (2000 & Supp.2007).

Next, we determine (1) whether the district court properly calculated the applicable sentencing range under the United States Sentencing Guidelines ("Guidelines"), and (2) whether the sentence is reasonable. *See United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006).

The district court calculated an advisory sentencing range under the Guidelines of 188 to 235 months and imposed a sentence at the high end of that range. Rider does not contest the district court's calculation of the sentencing range, and we find it to be correct. The district court's imposition of a consecutive sentence was also in accordance with the Guidelines: Section 5G1.3(c) of the Guidelines, which Rider concedes applies in his case, gives the sentencing court discretion to impose a sentence that runs consecutively to a prior undischarged term of imprisonment. *See* U.S.S.G. § 5G1.3(c) (2001).

Although application note 3(E) to section 5G1.3 provides for a downward departure in certain "extraordinary" cases, this case is not one of those. *See* U.S.S.G. § 5G1.3 cmt. n. 3(E) (2006). At the time of sentencing, Rider had not yet served a very substantial period of imprisonment on his prior sentence and the conduct resulting in that prior sentence was not within the relevant conduct used for calculating the sentencing range in the instant case. *See id.*

However, Rider argues that his sentence is unreasonable because if the government had indicted him in 2002 on all seven counts of sexual abuse, instead of indicting him on one count in 2002 and then on the six other counts in 2005, he would have been sentenced only once and would have faced a prison term far shorter than the term he faces now as a result of two consecutive sentences.

We reject Rider's argument because it was he who could have avoided being sentenced twice. If Rider had disclosed during his first prosecution in 2002 that he had sexually abused six other girls, the government would have sought a single indictment embracing all seven counts and Rider would have been sentenced only once. There is no indication that Rider had insufficient opportunity during the 2002 proceedings to disclose that he had sexually abused other girls. However, as Rider made no such disclosure at that time, the government was not in a position in 2002 to seek an indictment against Rider on all seven counts.

The record shows that while the government may have suspected in 2002 that Rider had abused other girls, it did not

learn their identities until one girl, who had initially denied having been abused when the government first investigated Rider in late 2001, told her mother in 2004 that Rider had, in fact, abused her and her sister. Interviews with the girl and her sister led the government to learn the identities of four other girls whom Rider had abused. Thus, it was not until 2005 that the government was in a position to seek an indictment against Rider in connection with his abuse of the six girls.

We also disagree with Rider that finding his sentence reasonable would implicate the concern raised in *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). In *Deal,* the Supreme Court observed that interpreting a sentencing statute in a particular way would give a prosecutor "unreviewable discretion" to affect the length of a defendant's sentence "by opting to charge and try the defendant either in separate prosecutions or under a multicount indictment." *Id.* at 133–34, 113 S.Ct. 1993. However, unlike *Deal,* this case does not involve a statute that would have a mandatory effect on sentencing; instead, it presents a scenario where, even if the government *had* been in a position to seek a single seven-count indictment against Rider in 2002 but *chose* to seek two separate indictments, it still would have been within the discretion of the district court whether or not to impose a consecutive sentence. Therefore, by finding Rider's sentence reasonable, we do not risk providing prosecutors unreviewable discretion.

We also reject Rider's remaining arguments for why his consecutive sentence is unreasonable. Contrary to Rider's contention, the two indictments against him were not brought to resolve "what was in reality one criminal transaction." Instead, the indictments were based on Rider's abuse of different girls who only happened to have been abused in roughly the same time period. Further, Rider is incorrect in contending that all the children he abused were already accounted for in the 235–month sentence even without making it consecutive; aside from applying a higher criminal history category because of Rider's 2002 conviction, the calculation of the sentencing range involved no enhancement for the abuse for which he was sentenced in 2002. We do not intend to suggest, however, that if Rider had been correct in either of his contentions, his sentence would have been unreasonable.

We therefore affirm Rider's prison term because we conclude that it was reasonable.

■ However, we do agree with Rider, and the government concedes, that the district court committed an *ex post facto* violation when it sentenced him to a life term of supervised release pursuant to 18 U.S.C. § 3583(k). Subsection (k) was not enacted until 2003, while the offensive conduct in this case occurred in 2001. In 2001, imposition of supervised release for a Class A felony was governed by 18 U.S.C. § 3583(b)(1), which provided for a maximum of five years of supervised release. *See* 18 U.S.C.A. § 3583(b)(1) (2000). Therefore, Rider could have been sentenced to no more than five years of supervised release. Although this issue was not raised before the district court, we agree with both parties that the *ex post facto* violation here was plain error.

We therefore remand this case to the district court with the instruction that it correct Rider's sentence by changing his term of supervised release to five years.

**AFFIRMED in part and REMANDED in part.**