[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2010
JOHN LEY
CLERK

No. 10-10669
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00033-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEO DE MARCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 14, 2010)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

John De Marco appeals his sentence of 438 months of imprisonment for two

counts of possessing with intent to distribute marijuana, 21 U.S.C. § 841(b)(1)(D),

two counts of possessing firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c), two counts of possessing a firearm as a convicted felon, id. § 922(g), and one count of possessing an unregistered silencer, 26 U.S.C. §§ 5845(a), 5861(d), 5871. De Marco makes two challenges to the enhancement of his sentences for possessing firearms in relation to his drug crimes under section 924(c)(1). De Marco also challenges, for the first time on appeal, the constitutionality of his sentence. We affirm.

De Marco argues that the "except" clause in section 924(c)(1)(A) precluded the district court from imposing consecutive mandatory minimum sentences for his two violations of section 924(c), but this argument is foreclosed by the recent decision of the Supreme Court in Abbott v. United States, ___ U.S. ___, 131 S. Ct. 18, 23 (2010), "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." De Marco was convicted of possessing 35 firearms in April 2009 and six other firearms in July 2009. The district court did not err by sentencing De Marco to consecutive terms of 60 months and 300 months of imprisonment for his firearms offenses.

De Marco next argues that the district court erred by sentencing him under

the recidivist provision of section 924(c)(1)(C)(i) because "all of his convictions" under section 924(c) "were simultaneous," but De Marco's argument is foreclosed by the decision in Deal v. United States, 508 U.S. 129, 113 S. Ct. 1993 (1993), that "findings of guilt on several counts are necessarily arrived at successively in time." Id. at 133 n.1, 113 S. Ct. at 1997 n.1. De Marco contends that Deal is distinguishable because his convictions were obtained by pleas of guilt and the defendant in Deal was convicted by a jury, but the Court held in Deal that a "conviction" under section 924(c)(1) "refers to the finding of guilt by a judge or jury," id. at 132, 113 S. Ct. at 1996. De Marco also contends, for the first time, that he is entitled to relief under the rule of lenity, but "[t]here is utterly no ambiguity" in the language of section 924(c)(1) that "requires . . . a conviction after the first conviction," id. at 135, 113 S. Ct. at 1998. De Marco was convicted of twice violating section 924(c), and "[s]ection 924 requires a minimum sentence of 25 years for all subsequent convictions under the statute." United States v. Phaknikone, 605 F.3d 1099, 1112 (11th Cir. 2010). The district court did not err by sentencing De Marco to 300 months of imprisonment for his second violation of section 924(c).

De Marco also argues for the first time on appeal that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to

the United States Constitution, but we disagree. De Marco's sentences of 60 months and 300 months of imprisonment for violating section 924(c) were mandatory, and we previously have upheld a mandatory minimum sentence against an Eighth Amendment challenge, United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). Although De Marco's crimes involved 20 pounds of marijuana and 41 firearms and he had prior convictions for possessing with intent to distribute marijuana, possession of marijuana, and possessing a firearm in commission of a felony, the district court sentenced De Marco within the guideline range to concurrent terms of 78 months of imprisonment for his five other drug and firearm offenses. "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1014 (11th Cir. 2005) (internal quotation marks omitted). The district court did not plainly err in sentencing De Marco.

We **AFFIRM** De Marco's sentence.