[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14865
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00031-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEISHAUN D. IRBY,
a.k.a. Keezy,
a.k.a. Key,
a.k.a. "B",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 30, 2012)

Before CARNES, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Keishaun Irby pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 1); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3); possession with intent to distribute cocaine base in violation of § 841(a)(1) and (b)(1)(C) (Count 4); and possession of a firearm in furtherance of a drug-trafficking crime in violation of § 924(c)(1) (Count 5).  The district court sentenced Dorsey to 114 months in prison on Counts 1, 3, and 4; a consecutive 30 months in prison on Count 2; and a consecutive 120 months in prison on Count 5. He appeals his sentence for Counts 1, 3, and 4, contending that the district court erred by concluding that the Fair Sentencing Act of 2010 did not apply retroactively to his case.  He also appeals his sentence for Count 5, contending that Count 5 does not constitute a second or subsequent conviction under § 924(c)(1)(C).

## I.

We turn first to Irby's contention that the Fair Sentencing Act applied retroactively to his case.  In Dorsey v. United States, 567 U.S. —, — S.Ct —, Nos. 11-5683, 11-5721, 2012 WL 2344463, at *3 (U.S. June 21, 2012), the Supreme

Court held that the Fair Sentencing Act's "new, more lenient mandatory minimum provisions . . . apply" to defendants who committed a crack cocaine crime before the Act went into effect but whom the district court did not sentence until after it went into effect.  Dorsey committed his crack cocaine crimes before the Act went into effect but was not sentenced until after it was effective.  The district court faithfully followed our precedent holding that the Fair Sentencing Act was not applicable to cases like this one, but in light of Dorsey, we vacate Irby's sentence for Counts 1, 3, and 4, and remand for resentencing.[1]

## II.

We next turn to Irby's contention that Count 5 is not second or subsequent conviction under § 924(c)(1)(C).  If a defendant receives a "second or subsequent" conviction under § 924(c), he is subject to a mandatory consecutive sentence of 25 years for that second conviction.  18 U.S.C. § 924(c)(1)(C).  A district court may deem one of two § 924(c) convictions charged in the same indictment as a "second or subsequent" conviction under § 924(c)(1)(C).  United States v. Phaknikone, 605 F.3d 1099, 1111–12 (11th Cir. 2010) (noting that we "long ago rejected" the argument that a district court cannot impose a 25-year sentence under

---

[1] Because we vacate Irby's sentence for Counts 1, 3, and 4, we do not reach his contention that the district court erred by concluding that two of his prior convictions constituted separate offenses for the purpose of his sentence enhancement under § 841(b)(1)(A).

3

§ 924(c)(1)(C) for a conviction contained in the same indictment as the other § 924(c) conviction); <u>Deal v. United States</u>, 508 U.S. 129, 134–35, 113 S.Ct. 1993, 1997–98  (1993).  Thus, the district court did not err in considering one of Irby's two § 924(c) convictions a second or subsequent conviction under § 924(c)(1)(C) even though the two § 924(c) convictions were charged in the same indictment.

III.

For the foregoing reasons, we **VACATE** Irby's sentence on Counts 1, 3, and 4, and **REMAND** for resentencing.  We **AFFIRM** Irby's sentence on Count 5.