11-3422-cr
United States v. Sessoms

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve,

Present:      AMALYA L. KEARSE,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

           *Appellee*,

         -v-                                    11-3422-cr

JAMES SESSOMS, also known as Popsie, also known as Doc,

         *Defendant-Appellant*.[*]

_____

Appearing for Appellee:     James P. Loonam (Peter A. Norling, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York

Appearing for Appellant:     Sam A. Schmidt, New York, NY (Jillian S. Harrington, Monroe Township, NJ, *on the brief*)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

_____

[*] The Clerk of the Court is directed to change the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

James Sessoms appeals from the judgment of conviction dated August 16, 2011 and entered by the district court on August 18, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When presented with an ineffective assistance of counsel claim on direct appeal with new counsel, as in the current case, this Court can "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000). This case demands further factual development as to Sessoms's ineffective assistance claim, and we thus decline to decide the claim on the record before us. We further determine that this matter should be presented, not in its current piecemeal fashion, but in a 28 U.S.C. § 2255 petition for a writ of habeas corpus, wherein all factual and evidentiary matters can be assessed in one proceeding.

In addition to his claims based on the ineffective assistance of counsel, Appellant also contends that the indictment was multiplicative and that the district court erred in (1) failing to order the government to immunize a potential defense witness, (2) failing to grant a request for adjournment following the filing of the superseding indictment, (3) failing to instruct the jury as to venue, (4) failing to assign new counsel, and (5) imposing consecutive sentences under 18 U.S.C. § 924(c) as required by *Deal v. United States*, 508 U.S. 129 (1993). We find these arguments to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

We also note for the reference of the parties that the judgment submitted to this Court was missing page 1A, which listed the final five counts of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2