**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4377**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEANAN DEQUEZ BOND, a/k/a Sticks,

Defendant - Appellant.

**No. 18-4515**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS WAYNE GODARD, a/k/a True,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (4:16-cr-00030-FL-2; 4:16-cr-00030-FL-1)

Submitted: March 23, 2020                    Decided: April 2, 2020

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant Thomas Wayne Godard. Laura Elizabeth Beaver, BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant Keanan Dequez Bond. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keanan Dequez Bond and Thomas Wayne Godard (jointly, "Appellants") were each convicted of two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012) (amended Dec. 21, 2018). The predicate crime of violence for each count was interference with commerce by robbery ("Hobbs Act robbery"), 18 U.S.C. § 1951 (2018). The district court sentenced Appellants to the statutory mandatory minimum sentence applicable at the time of their sentencing: 84 months' imprisonment on the first § 924(c) offense and a consecutive 300 months on the second § 924(c) offense, for a total sentence for each of 384 months in prison. In these consolidated appeals, Appellants contend (1) that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) (2018); and (2) under the First Step Act, they are no longer subject to a mandatory 300-month sentence on their second § 924(c) convictions. For the following reasons, we affirm.

Appellants first argue that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3), and thus cannot serve as a predicate offense for their 18 U.S.C. § 924(c)(1)(A) convictions. This argument is foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert denied*, 140 S. Ct. 639 (2019), and *cert. denied*, 140 S. Ct. 640 (2019).

Turning to Appellants' sentencing claim, after the district court sentenced Appellants and while their appeals were pending, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 403 of the First Step Act amended 18 U.S.C. § 924(c)(1)(C). Prior to the First Step Act, § 924(c) provided that each "second or

3

subsequent conviction" under this provision would subject the defendant to a consecutive mandatory minimum term of imprisonment of 25 years. 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii) (2018) (amended Dec. 21, 2018). The Supreme Court held that the phrase "second or subsequent conviction" referred to a finding of guilt prior to the entry of a judgment of conviction, such that multiple § 924(c) convictions within the same proceeding triggered the enhanced mandatory minimum. *Deal v. United States*, 508 U.S. 129, 132-33 (1993).

The First Step Act abrogated the Supreme Court's interpretation of § 924(c), expressly stating that a subsequent § 924(c) violation must occur "after a prior conviction under [§ 924(c)] has become final" to qualify for the enhanced mandatory minimum. § 403(a), 132 Stat. at 5222. "Under the First Step Act, in other words, the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." *United States v. Jordan*, ___ F.3d ___, ___, No. 17-4751, 2020 WL 1022420, at * 8 (4th Cir. Mar. 3, 2020). Thus, under § 403 of the First Step Act, if a defendant is convicted of two § 924(c) offenses in the same proceeding, and has no prior § 924(c) convictions, the mandatory minimum sentence for the second brandishing offense drops from 300 months to 84 months. § 403(a), 132 Stat. at 5221-22. However, Congress expressly limited the retroactivity of this provision "to any offense that was committed before the date of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." § 403(b), 132 Stat. at 5222. In *Jordan*, we held "that § 403 of the First Step Act does not apply retroactively to cases pending on direct appeal when it was enacted." 2020 WL 1022420, at *1. Therefore, Appellants are not entitled to resentencing in light of the First Step Act.

4

Accordingly, we affirm the criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*