UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KELVIN SPENCER COLLINS, a/k/a K-9,
          *Defendant-Appellant.*

No. 00-4448

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-99-659-DWS)

Submitted: June 29, 2001

Decided: July 20, 2001

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. Hallman, Columbia, South Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kelvin Spencer Collins appeals his conviction entered on his guilty plea to two counts of firearms offenses in violation of 18 U.S.C. § 924(c) (1994). Collins noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court had committed reversible error in conducting Collins' Fed. R. Crim. P. 11 hearing. Appellate counsel also suggested that the imposition of an enhanced sentence on the second firearms offense pursuant to 18 U.S.C. § 924(c)(1)(C)(i) was in error. The time for filing a supplemental brief has passed and Collins has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Collins' conviction and sentence.

On appeal, counsel identifies no specific error in the district court's Rule 11 hearing and our review of the record reveals none. The district court conducted a thorough hearing, insuring that Collins understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Collins' plea was voluntary and that a factual basis existed for his plea. *See* Fed. R. Crim. P. 11; *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). Collins' substantial rights were adequately protected by the district court's proceedings. *See DeFusco*, 949 F.2d at 117. With respect to Collins' suggestion that he was improperly sentenced under § 924(c)(1)(C)(i), that claim is foreclosed by the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129, 132 (1993).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal

Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Collins' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*