

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2002

# USA v. Matthews

Precedential or Non-Precedential:

Docket 1-1808

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Matthews" (2002). *2002 Decisions.* Paper 111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 01-1808 / 01-2920


UNITED STATES OF AMERICA


v.

MICHAEL MATTHEWS,


Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 00-cr-00155-2/00451-1)
District Judge: Honorable Curtis Joyner


Submitted Under Third Circuit LAR 34.1(a)
January 15, 2002

Before: ALITO and ROTH, Circuit Judges
SCHWARZER*, District Judge

(Memorandum Opinion filed February 8, 2002 )



    * The Honorable William W Schwarzer, Senior District Judge for the
Northern
District of California, sitting by designation.




MEMORANDUM OPINION



ROTH, Circuit Judge:

    Michael Matthews appeals from a final judgment of sentence by the
United States

District Court for the Eastern District of Pennsylvania. He was sentenced to a total of thirty-four years incarceration after he pled guilty to armed bank robbery, attempted armed bank robbery and to two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c).

Matthews raises two issues in his appeal: (1) the District Court erred in imposing the mandated enhanced sentence under 924(c)(1)(C) for a second or subsequent conviction and (2) the District Court erred in failing to examine the factors set forth in U.S.S.G. 5K1.1 before determining the extent of the downward departure based on Matthews' cooperation.

We have jurisdiction pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a). The standard of review is plain error because at sentencing Matthews did not object either to the enhanced sentence or to the extent of the downward departure.

## I.  FACTS

Matthews took part in the armed robberies and attempted armed robberies of four banks. He was charged in a twelve-count indictment. On August 17, 2000, he pled guilty to seven counts, including two violations of 924(c). As a result, on March 21, 2001, the District Court sentenced Matthews as follows:

> (1)  Seven years on Count One of Criminal Action No. 99-81 and Counts One, Five, Eight. and Eleven of Criminal Action No. 00-155-2, to run concurrently to each other;
> (2)  Seven years on Count Two of Criminal Action No. 99-81 pursuant to 924(c), to run consecutively to all other counts and;
> (3)  Twenty years on Count Five of Criminal Action No. 00-155-2 pursuant to 924(c), to run consecutively to all other counts.

The total sentence imposed was thirty-four years incarceration. Because the District Court granted the government's 5K1.1 motion, the period of incarceration was approximately 12 years below the minimum sentence indicated by the Sentencing Guidelines for the offenses of conviction. Pursuant to 18 U.S.C. 3553(e), the downward departure includes a five year reduction of the 924(c) mandatory minimum sentence for a second or subsequent offense.

## DISCUSSION

The first issue before us is whether the District Court erred in imposing the mandatory enhanced sentence for Matthews' second violation of 18 U.S.C. 924(c).

The statute provides:

(C) In the case of a second or subsequent conviction under this subsection, the person shall

(i) be sentenced to a term of imprisonment of not less than 25 years

Matthews argues that, since his guilty pleas were entered simultaneously, 924(c) cannot apply. First, he contends that he simply did not have two convictions, only one, because he pled guilty to all offenses at the same time in one plea. Second, he argues that even if he did have more than one conviction of violating 924(c), neither was "second" or "subsequent" again because he pled simultaneously to both offenses. We do not agree.

The Supreme Court's decision in Deal v. United States, 508 U.S. 129 (1993), disposes of both contentions. In Deal, the defendant was convicted by a jury of six separate bank robberies and six counts of carrying and using a firearm during a crime of violence. Deal argued that his convictions on the second through sixth firearm counts were not "second or subsequent convictions" because Deal was convicted of the 924 offenses during the same trial. Id. at 132.

The Court stated that it is unambiguous that the word "conviction" refers to the finding of guilt by a judge or jury. Id. The phrase "second or subsequent conviction" does not mean that a defendant must first be convicted of a crime and then, later, of a second crime. The Court interpreted the statute to mean simply one "conviction after the first conviction." Id. at 135.

It follows from Deal that timing does not matter. It does not matter whether a defendant is tried by a jury or pleads guilty and it does not matter whether he pleads simultaneously or separately to multiple offenses, he is convicted of all the offenses. Each guilty plea is a separate conviction, one following after the other, no matter how many times the word "guilty" is uttered.

It is evident from the opinion of the Court in Deal and from the text of 18 U.S.C.

924(c) that if a defendant is convicted  by plea, by jury or by judge of more than one of the relevant charges under 18 U.S.C.  924(c), whether or not those convictions occur at the same  time, he must receive the mandatory enhanced term of imprisonment.  See also United States v. Casiano, 113 F. 3d 420 (3d Cir. 1997) (upholding mandatory consecutive sentences where  924(c) violations charged in a single indictment during same course of criminal activity).

For the above reasons, the District Court did not err, much less clearly err, in imposing the mandatory enhanced sentence.

The second issue before us is whether the District Court erred in departing downward in the sentence imposed.  Matthews argues that the district court failed to examine the factors set forth in U.S.S.G.  5K1.1, before determining the extent of the downward departure based on Matthews' cooperation.  Matthews  contends that the District Court did not follow the requirements subsequently set out in United States v. Torres, 251 F.3d 138 (3d Cir. 2001), that it make explicit findings justifying the departure.   Under Torres, a sentencing court must indicate its consideration of the 5K1.1 factors as well as any factors outside those listed in  5K1.1.  However, Torres only urges, but does not require, sentencing judges to make specific findings regarding each factor.

Here, the District Judge was made well aware of Matthews' cooperation from the Sentencing Memorandum and Motions for Departure Pursuant to Sentencing Guideline 5K1.1 and 18 U.S.C.  3553(e), which was filed by the government prior to sentencing. In addition, at the commencement of Matthews' sentencing hearing, the government recited for the District Court the grounds for the departure motions.  The court heard this evidence and stated before imposing sentence, "Mr. Matthews, I want you to know, sir, that I've given you a substantial reduction in your sentence, pursuant to the government's  5K1.1 motion and 3553(e)."

We conclude from the above that the District Judge did adequately consider the  5K1.1 factors.  He, therefore, met the Torres requirements and did not err, much less commit plain error.

For the above reasons, we will affirm the judgement of the District Court.


TO THE CLERK:

Please file the foregoing Memorandum Opinion.

By the Court,



/s/ Jane R. Roth
            Circuit Judge