**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4213

JAMAHL KING,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron M. Currie, District Judge.
(CR-01-1024-CMC)

Submitted: October 24, 2003

Decided: November 17, 2003

Before WIDENER, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant.
Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jamahl King pled guilty before a magistrate judge to one count of armed bank robbery, 18 U.S.C. §§ 2113(a), (d), 2 (2000) (Count Five), and two counts of using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), 2 (2000) (Counts Six and Twenty-one). The district court departed below the guideline range on the government's motion based on King's substantial assistance and imposed a sentence of one month imprisonment for Count Five, a consecutive seven-year sentence for Count Six, and a consecutive twenty-five-year sentence for Count Twenty-one, plus a five-year term of supervised release. The court also ordered restitution of $18,644, to be paid in installments of $100 per month during King's term of supervised release.

King's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as potentially meritorious issues the district court's application of the guidelines and its imposition of consecutive sentences for the two § 924(c) convictions, but asserting that in his view there are no meritorious issues for appeal. King has filed a pro se supplemental brief asking that the *Anders* brief be dismissed, requesting new counsel, and contesting his sentence and the amount of restitution. Finding these claims meritless, we affirm the conviction and sentence. We deny King's motions to dismiss the *Anders* brief and for appointment of new counsel. We deny his motion for a *Faretta*\* hearing as moot.

When he entered his guilty plea, King acknowledged that he participated in armed bank robberies on October 15, 2001, and December 28, 2001. We find no error in the calculation of the guideline range for Count Five or the consecutive sentences imposed for the two § 924(c) convictions. *See United States v. Deal*, 508 U.S. 129, 130, 133 n.1 (1993) (holding that the enhanced sentence for a second or

---

\**Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that defendant seeking to represent himself should be made aware of dangers and disadvantages of self-representation).

subsequent conviction may be imposed in the same judgment as the sentence for the initial § 924(c) conviction).

In his pro se supplemental brief, King argues that the twenty-five-year consecutive sentence for Count Twenty-one is illegal, and thus is plain error, because it is not supported by a second bank robbery conviction. He is mistaken. The current penalty for a "second or subsequent" conviction under § 924(c)(1)(C) is a sentence of at least twenty-five years. A conviction under § 924(c) does not require a conviction for the underlying offense "as long as all the elements of that offense are proved and found beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997). King's admission satisfied this requirement. King also disputes the amount of restitution imposed by the district court, but did not object to the amount stated in the presentence report. We find that the district court did not plainly err in ordering King to make restitution of $18,644.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. As previously noted, we deny King's motions to dismiss the *Anders* brief, for a *Faretta* hearing, and for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*