**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5082**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TONY ORLANDO HUGHES,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert C. Doumar, Senior District Judge.  (CR-04-16)

———————

Submitted:  September 16, 2005        Decided:  October 20, 2005

———————

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Dickerson Bragg, ST. CLAIR LAW FIRM, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Scott W. Putney, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Tony Orlando Hughes was convicted of thirty-six counts of a sixty-seven count indictment: one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000); sixteen counts of the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (2000); four counts of the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000); two counts of the distribution of cocaine base, in violation of § 841(a)(1) and (b)(1)(C) (2000); two counts of the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (2000); three counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000); and eight counts of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). Hughes appeals his convictions and 2616-month sentence. We affirm.

Hughes first challenges the sufficiency of the evidence resulting in his convictions. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence

- 2 -

supports the jury's verdict. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942) (citation omitted); <u>United States v. Wills</u>, 346 F.3d 476, 495 (4th Cir. 2003) (citation omitted). The court reviews both direct and circumstantial evidence and permits "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted). Further, the uncorroborated testimony of a single witness may be sufficient, even if the witness is an accomplice, a co-defendant, or an informant. <u>See</u> <u>United States v. Wilson</u>, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

Fifteen Government witnesses testified against Hughes. Each witness disclosed to the jury that he was testifying pursuant to a plea agreement, each witness was subject to cross-examination, and each witness testified in detail as to drug transactions completed with Hughes. It was for the jurors to determine what weight to give each witness's testimony. Drawing all inferences in favor of the Government, a reasonable jury could conclude that the evidence was sufficient to convict Hughes beyond a reasonable doubt.

Hughes next contends that his sentence violates the Sixth Amendment because it was based on drug quantities that were not found by the jury and because it was based upon prior convictions that were used to enhance his statutory penalties and to calculate his criminal history.  Because Hughes preserved these issues by objecting to the presentence report and at his sentencing hearing based upon Blakely v. Washington, 542 U.S. 296 (2004), this court's review is de novo.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi sentencing objection in the trial court, and so preserved his objection, we review de novo.") (citation omitted).  When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness."  Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a) and plain error standard in Fed. R. App. P. 52(b)).

Even if the disputed quantity of drugs was removed from the sentencing calculation, Hughes' sentence would not have been different.  By its verdict, the jury found the Government proved beyond a reasonable doubt that the conspiracy involved at least one and-a-half kilograms of cocaine base ("crack") and at least five

kilograms of cocaine. This finding alone placed Hughes in the highest base offense level, thirty-eight. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(1) (2003). Thus, because the actual sentence imposed did not exceed the maximum of the unenhanced guideline range, there was no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation). Moreover, the district court was required to impose a statutorily-mandated sentence for the firearm convictions. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("[Even after United States v. Booker, 125 S. Ct. 738 (2005)], a district court has *no* discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction."). Finally, Hughes' challenge to the use of prior convictions is foreclosed. See United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant).

Hughes finally maintains that the district court erred in imposing the "subsequent conviction" enhancement of 18 U.S.C. § 924(c)(1)(C)(i) (2000), arguing that the chain of events surrounding his conviction should be considered one continuing offense for sentencing purposes, or alternatively, that prior to

- 5 -

his convictions at trial, he had no convictions under § 924(c)(1); therefore, he should have received five years for each count and not the twenty-five year enhancement provided for "second or subsequent convictions" under § 924(c)(1)(C)(i).

In <u>United States v. Camps</u>, 32 F.3d 102, 106 (4th Cir. 1994), this court concluded that "multiple, consecutive sentences under section 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts related to a single, predicate offense." Further, in <u>Deal v. United States</u>, 508 U.S. 129, 132 (1993), the Supreme Court held that, in the context of § 924(c)(1), the term "conviction" "refers to the finding of guilt by a judge or a jury that necessarily precedes the entry of a final judgment of conviction" and not to the final judgment of conviction itself. The Supreme Court further concluded that "the language of § 924(c)(1) only requires a 'conviction after the first conviction.'" <u>Deal</u>, 508 U.S. at 135. Under this reasoning, a defendant convicted of multiple § 924(c)(1) violations in one trial could properly receive enhanced sentences for second and subsequent offenses, as at the time of sentencing, he or she will have "prior convictions." Thus, under either theory, Hughes' argument fails.

Accordingly, we affirm Hughes' convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED