**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4926**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

GERMAINE ANTHONY QUARLES,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge. (CR-04-126)

———————

Submitted:  July 28, 2006          Decided:  August 15, 2006

———————

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul A. Dull, BRUMBERG, MACKEY & WALL, P.L.C., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Germaine Anthony Quarles appeals his conviction and aggregate 452-month prison sentence pursuant to his guilty plea to conspiracy to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (2000), and two counts of possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000). Finding no error, we affirm.

First, Quarles argues that an incorrect offense date in one count of the indictment requires reversal of his conviction. We conclude that Quarles has waived this argument by virtue of his guilty plea. A guilty plea effects a waiver of all non-jurisdictional defects in the indictment. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (same). Defects in the indictment are not jurisdictional. United States v. Cotton, 535 U.S. 625, 631 (2002). Quarles's valid guilty plea therefore waives his argument concerning an error in the indictment.

Quarles next argues that he cannot receive punishment for a "second or subsequent" § 924(c) conviction when the first

conviction occurs in the same proceeding. Quarles received a mandatory five-year prison sentence for one conviction for possessing a firearm during a drug trafficking offense. He received a mandatory twenty-five year term for another conviction for possessing a firearm during a different drug trafficking offense. The twenty-five-year minimum sentence applies "[i]n the case of a second or subsequent conviction." 18 U.S.C. § 924(c)(1)(C)(i) (2000). The Supreme Court rejected Quarles's argument in <u>Deal v. United States</u>, 508 U.S. 129, 132-33 (1993). Accordingly, the district court did not err in imposing an enhanced sentence.

We affirm Quarles's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -