United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40515
Conference Calendar

CHI THIEN DUONG,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-229
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Chi Thien Duong, federal prisoner # 04236-078, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition

challenging his convictions for possession with intent to

distribute cocaine and two counts of using and carrying a firearm

during and in relation to a drug trafficking offense.  Duong

argues that he was actually innocent of the second firearm

conviction because he was not convicted of a second drug

trafficking offense.  He asserts that his second firearm

conviction was improper because the jury instructions on that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charge were incorrect.  He further maintains that the second firearm conviction violated the prohibition against double jeopardy.  In support of his claims, Duong relies upon the Supreme Court's decisions in <u>Deal v. United States</u>, 508 U.S. 129 (1993), <u>In re Winship</u>, 397 U.S. 358 (1970), and <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), as well as several lower court decisions.

We review the district court's findings of fact for clear error and its conclusions of law de novo.  <u>See</u> <u>Christopher v. Miles</u>, 342 F.3d 378, 381 (5th Cir. 2003).  All of the Supreme Court decisions relied upon by Duong were already decided by the time Duong filed his 28 U.S.C. § 2255 motion in 1996.  As Duong has not shown that his claims are based upon a retroactively applicable Supreme Court decision that decriminalized the conduct for which he was convicted and were foreclosed at the time he filed his § 2255 motion, Duong has not made the required showing to challenge his convictions in a § 2241 petition.  <u>See</u> <u>id.</u> at 382.  Although Duong relied upon the Supreme Court's decision in <u>Shepard v United States</u>, 544 U.S. 13 (2005), in the district court, he does not raise that argument in this court and the argument is, therefore, waived.  <u>See</u> <u>Hughes v. Johnson</u>, 191 F.3d 607, 613 (5th Cir. 1999).

AFFIRMED.