

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2008

# USA v. Ezell

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1874

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ezell" (2008). *2008 Decisions*. Paper 1584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1874

UNITED STATES OF AMERICA

v.

JAMAL EZELL,
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-0815
(Honorable Jan E. DuBois)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2008

Before:  SCIRICA, *Chief Judge*,
RENDELL, *Circuit Judge*, and RODRIGUEZ, *District Judge*.[*]

(Filed: February 19, 2008)

OPINION OF THE COURT

[*]The Honorable Joseph H. Rodriguez, United States District Judge for the District of
New Jersey, sitting by designation.

SCIRICA, *Chief Judge*.

Defendant Jamal Ezell appeals his conviction and judgment of sentence.  His

attorney has filed a motion to withdraw as counsel and has submitted a brief under *Anders*

*v. California*, 386 U.S. 738 (1967).  Ezell filed a *pro se* brief.  We will affirm.

## I.

On December 17, 2002, Ezell was charged with six counts of robbery, 18 U.S.C. §

1951 (Hobbs Act) and § 2, and six counts of using a firearm during and in relation to a

crime of violence, 18 U.S.C. § 924(c) and § 2.  Ezell, with the assistance of associates,

robbed six commercial establishments at gunpoint.  During five of the robberies, the

victims were threatened and bound with either tape or electrical wire.  At trial, the

government presented, *inter alia*, Ezell's two written confessions and testimony of two of

Ezell's associates.  A jury convicted him on all charges and the district court sentenced

Ezell to a mandatory consecutive term of 132 years plus one day of imprisonment.

## II.

Third Circuit Local Appellate Rule 109.2(a) provides: "[w]here, upon review of

the district court record, trial counsel is persuaded that the appeal presents no issue of

even arguable merit, trial counsel may file a motion to withdraw and supporting brief

pursuant to *Anders v. California* . . . ."  Our inquiry when counsel submits an *Anders* brief

is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2)

2

whether an independent review of the record presents any nonfrivolous issues."[1] *Youla*, 241 F.3d at 300. Since both Ezell and his counsel filed briefs, our review is guided by the issues cited in the *pro se* and *Anders* briefs. *See id.* at 301. The issues raised are: (1) sufficiency of the evidence regarding the interstate commerce element of the Hobbs Act; (2) length of the sentence; (3) error in instructing the jury on the interstate commerce element of the Hobbs Act; and (4) error for failing to give defendant's requested interstate commerce jury charge.[2]

A.

In his *pro se* brief, Ezell asserts the evidence, taken in the light most favorable to the government, failed to establish that, as a result of the robberies, interstate commerce was obstructed, delayed, or affected. *See United States v. Idowu*, 157 F.3d 265, 268 (3d Cir. 1998) (articulating the sufficiency of the evidence standard). The Government need only show " the defendants' conduct produced any interference with or effect upon interstate commerce, whether slight, subtle or even potential . . . ." *Haywood*, 363 F.3d at

---

[1] "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." *Id.* at 301.

[2] Issues three and four are not arguable on their merits. The district court properly instructed the jury on the interstate commerce element for Hobbs Act robbery. The charge is consistent with our precedent, *see e.g., United States v. Haywood*, 363 F.3d 200 (3d Cir. 2004), and, contrary to Ezell's contentions, did not direct a verdict, amend the indictment, mislead the jury, or create a variance. Further, the district court was not required to accept Ezell's suggested jury charge.

210. "Moreover, a jury may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *Id.* at 210; *see also United States v. Clausen*, 328 F.3d 708, 711 (3d Cir. 2003) ("In any individual case, proof of a *de minimis* effect on interstate commerce is all that is required."). Here, the Government offered evidence that the businesses Ezell robbed purchased supplies and sold products outside of Pennsylvania and the robberies depleted the assets of the businesses. Accordingly, there is substantial evidence to support the jury's guilty verdict.

B.

As noted, Ezell was sentenced to a mandatory consecutive term of 132 years plus one day.[3] During sentencing, Ezell asserted *United States v. Booker*, 543 U.S. 220 (2005), rendered the penalty provisions of § 924(c) advisory[4] and that the 132-year mandatory minimum sentence is not required under § 924(c).[5]

---

[3] One hundred and twenty-five years of the sentence were imposed under 18 U.S.C. § 924(c)(1)(C) for "a second or subsequent conviction under this subsection." Without consideration of the § 924(c) charges, the Guideline Imprisonment Range for Ezell's history and conduct would be 168 to 210 months.

[4] In *United States v. Kellum*, we rejected the argument that a district court has authority under 18 U.S.C. § 3553(a) to impose a sentence below the statutory minimum if it believes the statutory minimum is greater than necessary to achieve the goals of sentencing. 356 F.3d 285, 289 (3d Cir. 2004). The two narrow exceptions in 18 U.S.C. § 3553(e) and (f) are "the only authority a district court has to depart below a mandatory minimum sentence . . . ." *Id.*

[5] This argument is foreclosed by *Deal v. United States*, 508 U.S. 129 (1993).

4

Further, Ezell brought an as-applied challenge to his § 924(c) sentence under the Eighth Amendment, the principle of separation of powers, and due process. In *United States v. Walker*, we rejected a similar claim challenging a 55-year consecutive mandatory minimum sentence, concluding § 924(c) does not violate due process or separation of powers. 473 F.3d 71, 76 (3d Cir. 2007). Guided by the requirement that we grant "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes," we found that the "harshness of [defendant's] 55-year mandatory consecutive sentence, balanced against the gravity of his offenses, does not violate the proportionality principle of the Eighth Amendment." *Id.* at 82-83. During a two week period, Ezell, together with his associates, robbed six commercial establishments at gunpoint. On five occasions, they bound their victims before leaving the building. In light of Ezell's repeated violent conduct, the sentence imposed is not grossly disproportionate to the gravity of the crimes in violation of the Eighth Amendment.

III.

For the foregoing reasons, we will affirm the conviction and judgment of sentence. Defense counsel's motion to withdraw is granted.