**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4508**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUSTIN GUNSIAN MATTHEWS,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:07-cr-00293-NCT-1)

Submitted: November 5, 2008     Decided: November 20, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Salisbury, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Justin Gunsian Matthews pled guilty to possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). As Matthews had previously pled guilty to possession of a firearm during a drug trafficking crime, the district court imposed a mandatory sentence under 18 U.S.C. § 924(c)(1)(C)(i) (2006) of 300 months' imprisonment, to be served consecutive to any undischarged sentence for his previous conviction.

Matthews's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging this statutory sentence enhancement and alleging that, due to the length and consecutive nature of the sentence, it constitutes cruel and unusual punishment in violation of the Eighth Amendment. Counsel states, however, that he has found no meritorious grounds for appeal. We agree with his conclusion and affirm.*

We review Matthews's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 591 (2007). We will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and is reasonable. United

---

* Although Matthews was informed of his right to file a pro se supplemental brief, he has not done so.

2

States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A statutorily required sentence is deemed reasonable per se. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). As a "conviction" for purposes of § 924(c)(1) "refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction," Deal v. United States, 508 U.S. 129, 132 (1993), we find that the district court did not abuse its discretion by enhancing Matthews's sentence pursuant to § 924(c)(1)(C)(i).

Next, Matthews asserts that the length and consecutive nature of his sentence constitute cruel and unusual punishment in violation of the Eighth Amendment. However, this court rejected the same argument in United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006), when we held that lengthy, mandatory sentences imposed pursuant to the "count-stacking" provision of § 924(c) do not violate the Eighth Amendment. Therefore, Matthews's contention is without merit.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. Accordingly, we affirm Matthews's conviction and sentence. This court requires that counsel inform Matthews, in writing, of the right to petition the Supreme Court of the United States for further review. If Matthews requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Matthews. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED