# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2011

Lyle W. Cayce
Clerk

No. 11-30520
Summary Calendar

JASON CHAD REDDITT,

Petitioner-Appellant

v.

W. A. SHERROD,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1929

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jason Chad Redditt, federal prisoner # 17343-076, appeals the dismissal of his 28 U.S.C. § 2241 petition alleging that his three consecutive sentences pursuant to 18 U.S.C. 924(c) were invalid in light of *Abbott v. United States*, 131 S. Ct. 18 (2010). The district court dismissed the petition on grounds that Redditt failed to satisfy the "savings clause" of 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30520

Redditt is not required to obtain a COA to pursue his appeal. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.*

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003). The savings clause is applicable only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The applicant bears the "stringent" burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective and that he is entitled to avail himself of the "limited exception" found in the savings clause. *Christopher*, 342 F.3d at 382.

The *Abbott* decision does not state, as Redditt claims, that multiple consecutive terms of imprisonment may not be imposed on multiple separate convictions under § 924(c). *See Abbott*, 131 S. Ct. at 23 (holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction"). To the contrary, the Supreme Court has affirmed the imposition in a single proceeding of consecutive sentences under § 924(c). *See Deal v. United States*, 508 U.S. 129, 131-37 (1993). Redditt fails to satisfy the savings clause. *See Reyes-Requena*, 243 F.3d at 904. We have reviewed Redditt's remaining arguments and find them to be without merit.

AFFIRMED.