**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1123

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS AYALA-LÓPEZ, a/k/a Macro,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Lipez, and Thompson,
Circuit Judges.

Rachel Brill for appellant.
Tiffany V. Monrose, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, were on brief, for appellee.

August 5, 2015

**Per Curiam**.  Appellant Carlos Ayala-López ("Ayala") was convicted of drug trafficking (Count One), aiding and abetting in a murder (Count Five), and four firearms offenses related to those crimes (Counts Two, Three, Four, and Six).[1]  In his first appeal, we ordered the district court to vacate the firearms convictions on Counts Two and Four because they violated the Double Jeopardy Clause.  United States v. Ayala-López, 493 F. App'x 120, 126 (1st Cir. 2012).  Consequently, two firearms convictions remained, along with their corresponding sentences: a 25-year sentence on Count Three for violation of 18 U.S.C. § 924(c); and a life sentence on Count Six for violation of 18 U.S.C. §§ 924(c), 924(j), and 2.

On remand, Ayala contended that his 25-year sentence for Count Three, imposed under § 924(c)(1)(C)(i) for a "second or subsequent conviction under this subsection," was no longer appropriate.  With the vacatur of Counts Two and Four, he argued, Count Three represented his sole subsection (c) conviction and, hence, only a 7-year sentence was justified.  See § 924(c)(1)(A)(ii) (prescribing a minimum 7-year consecutive sentence for brandishing a firearm).  The district court declined to adjust Ayala's sentence, reasoning that Count Six, which charged him with violating both § 924(j) and the lesser-included offense,

---

[1] A more detailed recitation of the facts underlying Ayala's convictions may be found in United States v. Ayala-López, 493 F. App'x 120, 122 (1st Cir. 2012).

§ 924(c), represented a predicate subsection (c) conviction capable of supporting the 25-year sentence on Count Three.

Ayala has preserved only one argument for appellate review.[2] He claims that "calling conduct that predates another act by a month a 'second or subsequent conviction,' is entirely unwarranted."  In other words, he contends that Count Three cannot be "second or subsequent" to Count Six because the conduct charged in Count Three occurred earlier than the conduct charged in Count Six.  That argument is foreclosed by precedent.

In United States v. Deal, the Supreme Court addressed the "second or subsequent conviction" language in § 924(c)(1)(C) and held: "[W]e think it unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction."  508 U.S. 129, 132 (1993).  The Court explained that, when Congress wrote of a second or subsequent "conviction," it did not mean a second or subsequent "offense."  Id. at 134-35.  For example, "it is entirely clear . . . that a defendant convicted of a crime committed in 1992, who has previously been convicted of a crime committed in 1993, would

---

[2] The majority of the argument section in Ayala's short brief is devoted to establishing that the district court did not, as a factual matter, treat Count Six as a (c) conviction at his initial sentencing.  Ayala does not explain how this factual point would preclude the district court on remand from supporting the enhanced sentence for Count Three with the (j) conviction from Count Six. Nor does he argue that a (j) conviction cannot, as a general matter, count as a (c) conviction for purposes of § 924(c)(1)(C).

receive the enhanced sentence." <u>Id.</u> at 135.  In sum, the temporal sequence in which the conduct underlying Ayala's convictions occurred is irrelevant.  What matters is the order of the convictions themselves.

Ayala has not presented any substantive legal argument that the district court incorrectly ordered his convictions.  We therefore <u>affirm</u>.

So ordered.