HAIKALA, District Judge,
concurring specially:
Judge Pryor and Judge Jordan have prepared thorough opinions in this case. I have studied both opinions. I agree with Judge Pryor that this case is not hard. I agree with Judge Jordan’s analysis of the issue presented to the Court. Like Judge Jordan, I conclude that the rationale of Insignares v. Sec’y, Fla. Dep’t of Corr., 755 F.3d 1273 (11th Cir.2014), requires reversal. I write separately to address a few points in Judge Pryor’s opinion.
In his opinion, Judge Pryor describes Mr. Patterson’s reprehensible criminal behavior. Minority Op. at 896-97. There is no doubt that the conduct that gave rise to Mr. Patterson’s conviction and sentence is heinous, but that conduct has no bearing upon the legal standard that governs the issue before the Court. As the United States Supreme Court wrote in Chessman v. Teets: “On many occasions this Court has found it necessary to say that the requirements of the Due Process Clause of the Fourteenth Amendment must be respected, no matter how heinous the crime in question and no matter how guilty an accused may ultimately be found to be after guilt has been established in accordance with the procedure demanded by *895 the Constitution.” 354 U.S. 156, 165, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957). Stated differently,
[T]he Constitution upon which this country is founded protects all citizens, even the worst among the citizenry who have engaged in the most reprehensible of acts. In this context, the broad protections of the Constitution therefore turn a blind eye to the individual facts of the underlying crime and instead focus on rights, even the rights of those who gave their victims no such analogous consideration. Such fundamental fairness in application must inform cases like the one before this Court today, animating the proceedings so that justice, however often slow, is ultimately done. To accept less would be to diminish the Constitution.
Cooey v. Strickland, No. 2:04-CV-1156, 2009 WL 4842393, at *102 (S.D.Ohio Dec. 7, 2009). Similarly, when interpreting and applying a statute, a court must turn a blind eye to the individual facts of the underlying crime if those facts are not relevant to the statutory issue before the court. To do otherwise would be to abandon objective legal standards for subjective sliding scales.[1]
Judge Pryor also expresses concern that the majority decision may cause “state prisoners [to] have greater access to the writ” and state courts to be more hesitant to correct sentencing errors. Minority Op. at 904. Respectfully, I do not share these concerns. If anything, the majority opinion may, as a practical matter, engender fewer writs. The obvious way to avoid a second writ is to make certain that every criminal judgment fully complies with all procedural and substantive rules that govern the judgment when the judgment is first entered. Judges are human though, and trial judges — federal and state alike — occasionally make mistakes. Mistakes have consequences. To fulfill their obligations, trial judges routinely issue decisions — legally sound decisions — that produce consequences that the judge may wish he or she could avoid, but every judge, by oath, is obligated to “faithfully and impartially discharge and perform all of the duties” of the judicial office.[2] The notion that a trial judge would refrain from correcting a sentencing error that all of the parties have acknowledged (as is the case here) to avoid a potential habeas petition is repugnant to the judicial office.
Similarly, we must follow binding precedent even when application of that precedent may open the door — however briefly — to a second habeas petition.[3] As our Circuit has acknowledged, Supreme Court precedent dictates that a criminal judgment is “comprised of both the sentence and conviction.” Insignares, 755 F.3d at 1281 (discussing and citing Burton v. Stewart, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (“A judgment of convic *896 tion includes both the adjudication of guilt and the sentence.”)); and Ferreira, 494 F.3d at 1292 (“[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner’s current detention.”) (alteration in original). Insignares instructs that when a trial court corrects a sentence, even if the revision does not impact the stated term of incarceration and even if the amended sentence benefits the criminal defendant, the trial court renders a new “judgment.”. And “when a habeas petition is the first to challenge a new judgment, it is not ‘second or successive,’ regardless of whether its claims challenge the sentence or the underlying conviction.” Insignares, 755 F.3d at 1281; see generally Majority Op. at 887-90. When the trial judge corrected Mr. Patterson’s sentence, the judge rendered a new criminal judgment. Mr. Patterson’s recent writ is the first following the new judgment; the writ is not second or successive.[4]
Judge Pryor’s and Judge Jordan’s opinions express an honest disagreement about the import of this Circuit’s precedent. I vote with Judge Jordan. As Judge Fay explained in his special concurrence in In-signares, “there is language in Magwood that indicates [] that the Supreme Court may well take a different tack should it deal with a case like this one.” Insig-nares, 755 F.3d at 1285 (Fay, J., concurring specially). “When the Supreme Court has a case exactly like this one, we will know the answer. Until then, we are bound by our precedent in Ferreira ” and Insignares. Id.

. The Supreme Court followed this principle in Magwood. The defendant in that case murdered an Alabama sheriff just outside of the jail where the sheriff worked. The state trial court sentenced Mr. Magwood to death for his crime. Magwood, 561 U.S. at 323-24, 130 S.Ct. 2788.

. See 28 U.S.C. § 453.

. Although the habeas petition at issue is "not subject to AEDPA’s restrictions on ‘second or successive’ petitions, AEDPA’s other limitations still apply. For example, ‘[a] petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error.' Moreover, previously decided claims may be foreclosed by the law-of-the-case doctrine.” Insignares, 755 F.3d at 1281 n. 9 (quoting Magwood, 561 U.S. at 340, 130 S.Ct. 2788).

. Insignares also instructs that "the phrase 'second or successive' applies to habeas petitions, not to the claims they raise.” Insig-nares, 755 F.3d at 1281 (emphasis in Insig-nares ).