15-0686
*Stegemann v. Rensselaer Co. Sheriff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand sixteen.

PRESENT:  RALPH K. WINTER
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

_____

JOSHUA G. STEGEMANN,

*Plaintiff-Appellant,*

v.                                                                      15-0686

RENSSELAER COUNTY SHERIFF'S OFFICE, RENSSELAER COUNTY, RENSSELAER COUNTY DISTRICT ATTORNEY'S OFFICE, JACK MAHAR, PATRICIA RUSSO, ART HYDE, STEVE WOHLLEBER, WILLIAM WEBSTER, SHANE HOLCOMB, J.S. ROBELOTTO, MARK GERACITANO, SANDRA BLODGETT, JUSTIN WALREAD, JAMI PANICHI, AIR NATIONAL GUARD, RICHARD J. SLOMA, CHRIS

1

CLIFFORD, WARREN COUNTY SHERIFF'S OFFICE, WARREN COUNTY, NATHAN H. YORK, CHRISTOPHER PERILLI, NEW YORK STATE POLICE, NEW YORK STATE POLICE, SORT, DAN KILEY, INVESTIGATOR, FULTON COUNTY SHERIFF'S OFFICE, FULTON COUNTY, BERKSHIRE COUNTY SHERIFF'S OFFICE, BERKSHIRE COUNTY, THOMAS BOWLER, SCOTT COLBERT, PITTSFIELD POLICE DEPARTMENT, MICHAEL WYNN, TYRONE PRICE, JOHN MAZZEO, GLENN F. DECKER, GLENN CIVELLO, MASSACHUSETTS STATE POLICE DEPARTMENT, DAVID BRIAN FOLEY, TRAVIS MCCARTHY, WILLIAM SCOTT, DALE GERO, MICHELLE MASON, JOHN STEC, TODD PATTERSON, STEVE JONES, BERKSHIRE COUNTY DISTRICT ATTORNEY'S OFFICE, DAVID F. CAPLESS, RICHARD LOCKE, BERKSHIRE COUNTY DRUG TASK FORCE, CELLCO PARTNERSHIP, AT&T WIRELESS NETWORK, SUBSURFACE INFORMATIONAL SURVEYS, INC.,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANT: | VALDI LICUL (Susan Jewell Walsh, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY. |
| FOR APPELLEES: | JAMES A. RESILA, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY. |

Appeal from the United States District Court from the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the District Court is **VACATED**

and **REMANDED** for further proceedings consistent with this order.

2

Plaintiff-Appellant Joshua G. Stegemann ("Stegemann") appeals from an opinion and order of the United States District Court for the Northern District of New York (McAvoy, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, which we reference only as necessary to explain our decision.

On January 8, 2015, Stegemann, acting *pro se*, filed a civil rights action against the Defendants-Appellees, seeking money damages pursuant to (1) 42 U.S.C. § 1983 ("§ 1983") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his rights under the Fourth, Fifth and Fourteenth Amendments as a result of the unlawful search and seizure of his person and property, and interception of his electronic communications, (2) 18 U.S.C. § 2520 and 18 U.S.C. § 2701 for intercepting and accessing his electronic communications, (3) § 1983 for violation of his rights under the Fourth, Fifth, and Fourteenth Amendments for the arbitrary destruction of his property, and (4) various New York and Massachusetts constitutional and statutory provisions for the unlawful search and seizure of his person and property, and for the interception of his electronic communications. Stegemann initiated this civil rights action against the Defendants-Appellees while his underlying criminal

case was ongoing. On August 5, 2015, a jury returned a verdict finding Stegemann guilty of all counts of the indictment in the underlying criminal case. At the time of this appeal, no judgment of conviction had been entered against him.

On February 3, 2015, Magistrate Judge Christian F. Hummel recommended (1) dismissal without prejudice of Stegemann's *Bivens* and § 1983 claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) dismissal of Stegemann's Fourteenth Amendment destruction of property claims under *Hudson v. Palmer*, 468 U.S. 517 (1984), and (3) dismissal of Stegemann's state claims for lack of diversity jurisdiction. On February 19, 2015, the District Court accepted the Magistrate Judge's recommendation. In support of its decision, the District Court offered only that it accepted the Magistrate Judge's recommendation "for the reasons stated in the [Magistrate Judge's] Report-Recommendation." App'x 59. The District Court erroneously wrote that "Magistrate Judge Hummel recommends that Plaintiff's Complaint be dismissed in its entirety *with prejudice* . . . for failure to state a claim upon which relief can be granted."[1] App'x 58 (emphasis added).

---

[1] Because the District Court adopted the reasoning of the Magistrate Judge's Report and Recommendation, we presume that it adopted the Magistrate Judge's analysis as to the

4

## I.     *Bivens* **and § 1983**

The District Court improperly dismissed with prejudice Stegemann's

*Bivens* and § 1983 claims under *Heck*.  *Heck* bars a § 1983 claim based on an extant

conviction, but it has no application to an anticipated future conviction.  *See*

*Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Heck*, 512 U.S. at 486–87.  In February

2015, at the time of the District Court's decision below, no conviction had been

entered against Stegemann—in fact, his trial was still ongoing.

Nor is *Heck* applicable against Stegemann at this time.  The Defendants-

Appellees equate the jury's return of a guilty verdict with a "conviction," but

"the word 'conviction' can mean *either* the finding of guilt *or* the entry of final

judgment on that finding."  *Deal v. United States*, 508 U.S. 129, 13 l (emphasis

added).  The *Deal* Court went on to note that the word is not usually ambiguous,

because "all but one of the [possible] meanings [of the word 'conviction'] is

ordinarily eliminated by context."  *Id.* at 131–32.  We therefore look to *Heck* and

*Wallace* to identify the meaning of the word in the context relevant here.  *Heck* for

the most part does not specify that the rule it states applies to "judgments of

conviction," but generally speaks simply of a "conviction" as barring a § 1983

need to dismiss Stegemann's claims under *Heck, Hudson*, and based on lack of diversity jurisdiction.  Accordingly, we refer to the Magistrate Judge's analysis as that of the District Court in the remainder of this order.

suit that would impugn that conviction *or sentence,* 512 U.S. at 489, a distinction

that Defendants-Appellees seize on to suggest that "conviction" must mean

"verdict of guilt," as distinct from the judgment that incorporates the sentence.

We conclude, however, that in the context of *Heck,* "conviction" refers to the

judgment rather than verdict.

First, Heck's civil suit was in fact barred by a final judgment of conviction,

on which he was already serving a sentence. 512 U.S. at 478–79. Thus, the facts

of *Heck* involved a judgment and not merely a verdict. Second, the overall tenor

of the Court's language suggests that the Court meant the rule it announced to

apply to judgments. For example, the Court repeatedly refers to an "outstanding

criminal conviction" or "still-outstanding conviction." *E.g., id.* at 486 n.5 & 487

n.7. Moreover, the Court states its holding as: "[A] § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of

habeas corpus," *id.* at 486–87—all events that typically occur *after,* and operate to

invalidate, *a judgment* of conviction. Finally, the Court twice directly uses the

word "judgment" in connection with its holding: The Court notes that its

conclusion is supported by "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal *judgments*," *id.* at 486 (emphasis added), and the Court states that the *Heck* bar does *not* apply when the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal *judgment* against the plaintiff." *Id.* at 487 (emphasis added and removed).

In *Wallace,* moreover, the Court again refers explicitly to "judgments" of conviction in stating its holding that "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment,'" 549 U.S. at 393 (quoting *Heck,* 512 U.S. at 486–87 (emphasis removed)). The *Wallace* Court declined to "adopt[] . . . a principle that goes well beyond *Heck:* that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." *Id.* at 393 (emphasis removed). The Court found that in the context of a false arrest claim, to apply *Heck* from the moment of an arrest in anticipation that the arrested person would be convicted would be speculative, and the "impracticality of such a speculative rule is obvious." *Id.* The same is true in the instant case, where the guilty verdict has

7

been reached, but a sentence has not yet been imposed and a judgment of conviction not yet entered. Post-verdict motions that can overturn the guilty verdict are still possible, and counsel for Stegemann stated during oral argument that such motions are planned in this case. Until sentencing occurs and a final judgment of conviction is entered, it remains possible that the verdict will not ripen into a judgment of conviction. It therefore makes little sense to decide that the claim is *Heck*-barred. In short, the Supreme Court's discussion in the relevant cases makes clear that the *Heck* bar applies only where a judgment of conviction has been entered.

The Defendants-Appellees equate the jury's return of a guilty verdict against Stegemann in August 2015 with a judgment of conviction. Yet a jury verdict is not a judgment of conviction. Rather, a guilty verdict necessarily *precedes* a judgment of conviction. *See* Fed. R. Crim. P. 31; *Deal*, 508 U.S. at 132 (1993) (finding it "unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction"). A judgment of conviction is entered only after post-trial motions have been decided. *See, e.g.,* Fed. R. Crim. P. 29(c)(2) ("If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."); Fed.

R. Crim. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence.").

Because Stegemann's criminal trial is still ongoing, civil relief is not categorically barred by the favorable termination rule of *Heck*. Moreover, because the District Court failed to explain why, in the alternative, it dismissed Stegemann's *Bivens* and § 1983 for failure to state a claim, remand is required.

## II. Destruction of Property

The District Court properly dismissed Stegemann's Fourteenth Amendment destruction of property claims under *Hudson*, 468 U.S. 517. However, the District Court failed to consider Stegemann's destruction of property claims made under the Fourth and Fifth Amendments. Stegemann's *pro se* complaint sought "compensatory and punitive damages" for "the deprivation of rights guaranteed by him under the 4th, 5th, and 14th Amendments . . . ." App'x 8. After listing in detail the extensive destruction of property allegedly committed by the Defendants-Appellees, Stegemann wrote that the destruction was "done without a valid warrant, in violation of rights guaranteed [to him] under the 4th, 5th, and 14th Amendments . . ." App'x 20–22.

The District Court should have considered and explained whether Stegemann's complaint states a claim under the Fourth and Fifth Amendments, rather than simply dismissing all of his destruction of property claims for jurisdictional reasons under *Hudson*, which applies only in the Fourteenth Amendment context. *See Hudson*, 468 U.S. at 533. Accordingly, we remand Stegemann's destruction of property claims for consideration of whether he has stated a claim under the Fourth and Fifth Amendments.

## III. State Law Claims

The District Court held that it lacked jurisdiction over Stegemann's state law claims because "Stegemann has failed to achieve complete diversity" under 28 U.S.C. § 1332. On remand, the District Court should consider whether it has supplemental jurisdiction over Stegemann's state law claims under 28 U.S.C. § 1367.

Because Stegemann's underlying criminal action is ongoing, the better course might be for the District Court to hold Stegemann's civil action in abeyance until a judgment of conviction has been entered in his criminal case, *see USA v. Stegemann,* No. 13-357 (N.D.N.Y. Sep. 18, 2013). Indeed, the Supreme Court has expressly noted the general appropriateness of such a course. *See*

10

*Wallace*, 549 U.S. at 393–94 (noting that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"). For this reason and the reasons stated above, we **VACATE** and **REMAND** the judgment of the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk