[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10109

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY NESBITT,
a.k.a. Spooky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:02-cr-20518-DMM-1

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Gregory Nesbitt appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  He argues that the district court erred by "considering itself bound by U.S.S.G. § 1B1.13" in determining whether he was eligible for release under the statute.  This argument is foreclosed by our recent precedent.  We therefore affirm.

## I.

In 2002, a jury found Nesbitt guilty of nine drug and firearm charges arising from his participation in planning and preparing for home-invasion robberies in which the robbers hoped to steal money and drugs.  The district court sentenced Nesbitt to 660 months in prison, consisting of 360 months for two drug-trafficking charges involving cocaine, 240 months concurrent for four charges of robbery, robbery conspiracy, and firearm conspiracy, 60 months concurrent for one charge of attempted possession with intent to distribute marijuana, 60 months consecutive for a first charge of using or carrying a firearm during or in relation to a drug trafficking crime or a crime of violence in violation of 18 U.S.C. § 924(c), and 240 months consecutive for a second § 924(c) violation.  The district court stated that it regretted the length of Nesbitt's sentence, but it was constrained by the applicable minimum penalties under § 924(c).

At the time Nesbitt committed his crimes, § 924(c) imposed mandatory minimum consecutive sentences of 5 years for a first violation of § 924(c) and 20 years for "second or subsequent" § 924(c) offenses.  The 20-year consecutive minimum applied to every violation of § 924(c) after the first, even if the defendant—like Nesbitt—was a first-time offender charged with multiple § 924(c) violations in the same indictment.  *See* 18 U.S.C. § 924(c) (1994); *Deal v. United States*, 508 U.S. 129, 130–37 (1993).  In the First Step Act of 2018, however, Congress amended § 924(c) to provide that the minimum consecutive penalty for second or subsequent offenses (now 25 years) applied only after a prior § 924(c) conviction had become final.  Pub. L. 115-391, § 403(b), 132 Stat. 5194, 5221–22.  This change means that if Nesbitt were sentenced today, he would face mandatory minimum 5-year consecutive sentences for each of the two § 924(c) violations charged in his indictment, for a total minimum consecutive sentence of 10 years rather than 25 years for those offenses.  But the First Step Act amendment to § 924(c) was not made retroactively applicable, so it offered Nesbitt no relief.  *See id.*, 132 Stat. at 5222.

The First Step Act also amended 18 U.S.C. § 3582(c)(1)(A), sometimes called the "compassionate release" statute.  That provision allows a district court to reduce a defendant's sentence, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" (as relevant here) (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable Sentencing Commission policy statement, in turn, requires that the district court find that the "defendant is not a danger to the safety of any other person or to the community" before granting a motion for compassionate release. U.S.S.G. § 1B1.13(2). The policy statement's application notes also list specific circumstances related to a defendant's age, medical conditions, or family circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist, along with a catch-all category for other reasons determined by the Director of the Bureau of Prisons to be extraordinary and compelling. *Id.* § 1B1.13, cmt. n.1. Initially, the statute required all compassionate-release motions to be filed by the Director of the Bureau of Prisons; the First Step Act amended the statute to permit prisoners to file motions for compassionate release themselves if they first exhausted administrative remedies within the prison system. Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

In December 2020, Nesbitt filed a motion for compassionate release pursuant to § 3582(c)(1)(A)(i). In his motion, he argued that the policy statement in U.S.S.G. § 1B1.13 was rendered partly obsolete by the First Step Act's amendment to § 3582(c)(1)(A) and did not apply to motions for compassionate release filed by prisoners. The district court was not bound by the policy statement when considering his motion, he argued, and could therefore find that his risk of serious illness from COVID-19 and the harshness of his sentence amounted to "extraordinary and compelling reasons" for his

release under the statute even though his circumstances did not fall within those set out in the policy statement's application notes. The district court found that Nesbitt had not presented an extraordinary and compelling reason justifying his release and that, moreover, the nature of his crime and his violent criminal history suggested that his release would endanger the community. The court therefore denied his motion.

On appeal, Nesbitt argues that the district court erred by adhering to the limitations in § 1B1.13 when considering his motion for compassionate release. His argument is foreclosed by our recent precedent.

## II.

In *United States v. Bryant*, we considered whether § 1B1.13 remained the "applicable policy statement[]" for compassionate-release motions filed by prisoners under the amended statute, or whether the policy statement's requirements and limitations applied only to motions filed by the Director of the Bureau of Prisons. 996 F.3d 1243, 1252–62 (11th Cir. 2021). We concluded that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262. Under § 3582(c)(1)(A)(i), therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and, as relevant here, (3) doing so wouldn't endanger any person

or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, ___ F.4th ___, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021).  If any one of the necessary conditions is not satisfied, the defendant is not eligible for compassionate release and the district court cannot grant his motion for a sentence reduction.  *Id.*

Here, the district court found that Nesbitt failed to meet two prerequisites for relief:  First, the court found that Nesbitt did not present an extraordinary and compelling reason for release, explaining that an "intervening reduction in statutory penalties does not provide a basis for compassionate release, especially where [C]ongress chose not to make the change retroactive."  Second, the court found that "the nature of the Defendant's crime and violent criminal history suggests his release would endanger the community."

Nesbitt does not contest the district court's finding that he would be a danger to the community if released early.  Nor does he contend that the nonretroactive statutory sentencing changes or his fears of contracting COVID-19 qualify as "extraordinary and compelling reasons" for compassionate release under § 1B1.13; indeed, he concedes that they do not.  He argues instead that the court should not have considered itself bound by § 1B1.13 at all, and that, freed from the limitations in the policy statement, the court should have determined that he met the statutory criteria for compassionate release—without regard to whether he would present a danger to the community upon release.

We rejected similar arguments in *Bryant*. 996 F.3d at 1250–51, 1257, 1262. The district court here did not err in considering whether Nesbitt's release would be consistent with the "applicable policy statement[]"—that is, § 1B1.13; to the contrary, it was required to do so. And because the court determined that (1) Nesbitt did not present an "extraordinary and compelling" reason for his release as that term is explained in the policy statement, and (2) Nesbitt would be a danger to the community, his release would not be consistent with § 1B1.13 and he was not eligible for a sentence reduction under § 3582(c)(1)(A). *See Tinker*, 2021 WL 4434621 at *2; *Bryant*, 996 F.3d at 1248. We therefore affirm the denial of Nesbitt's motion for compassionate release.

**AFFIRMED.**