# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50183

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Medina,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-39-1

———————————————————————

Before Jones, Barksdale, and Elrod, *Circuit Judges*.

Per Curiam:[*]

At issue is whether section 403 of the First Step Act of 2018 applies to a defendant's resentencing when his pre-enactment sentence was vacated post-enactment. It does not. AFFIRMED.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50183

## I.

Michael Medina pleaded guilty to, and was convicted of: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; conspiracy to use and carry a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o); and two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1).

At the time of his first sentencing, § 924(c) required a seven-year mandatory minimum sentence if a firearm was brandished; and, "[i]n the case of a second or subsequent conviction under this subsection", a 25-year mandatory minimum sentence. 18 U.S.C. § 924(c)(1)(A), (C) (2004). The 25-year mandatory minimum applied even to instances where the "second or subsequent conviction" was obtained in the same proceeding. *E.g.*, *Deal v. United States*, 508 U.S. 129, 132 (1993) (construing "second or subsequent"). Therefore, the district court in 2005 imposed, *inter alia*, a seven-year sentence for Medina's first § 924(c) conviction, and a consecutive 25-year sentence for his second.

In 2016, Medina moved to vacate his sentence under 28 U.S.C. § 2255 (providing remedies for sentences imposed in violation of law). But, before the court ruled on the motion, the First Step Act was enacted, amending, *inter alia*, § 924(c)(1)(C). *See* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018) (codified at 18 U.S.C. § 924(c)). The Act replaced the "second or subsequent conviction" language so that the statute now reads: "In the case of a *violation of this subsection that occurs after a prior conviction under this subsection has become final*, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years". 18 U.S.C. § 924(c)(1)(C) (2023) (emphasis added). In other words, the amended statute no longer requires the imposition of a 25-year mandatory minimum

sentence for a second § 924(c) conviction that, like Medina's, was obtained in the same proceeding. *See id.*

Regarding scope, the First Step Act explained that the amended § 924(c) "appl[ied] to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment". First Step Act of 2018 § 403(b).

After the amendment, the district court granted Medina's motion in part, vacating his § 924(o) conviction. Deciding full resentencing was appropriate, the court also vacated Medina's sentence. On resentencing, however, and without mentioning the amended § 924(c), the court reimposed the seven- and 25-year sentences for the two § 924(c) convictions.

## II.

Medina contends the district court erred in not applying the amended § 924(c). Because he (as he also concedes) did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

During the pendency of this appeal, our court held in *United States v. Duffey* that section 403 of the First Step Act does not "appl[y] to post-enactment resentencings of defendants whose pre-enactment sentences were vacated after the law was enacted". 92 F.4th 304, 307 (5th Cir. 2024), *petition for cert. docketed sub nom. Hewitt v. United States* (U.S. 12 Mar. 2024) (No. 23-1002). Needless to say, and pursuant to our limited plain-error

No. 22-50183

review, the requisite clear-or-obvious error is lacking.  Because Medina's pre-enactment sentence was vacated *after* the First Step Act was enacted, section 403 does not apply to his post-enactment resentencing.  *See id.*

### III.

Accordingly, the sentence is AFFIRMED.